19 F.3d 23
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Willie James JEFFRIES, Jr., Appellant,
v.
ANDERSON, LT.; Poole, C/O; R. Nahorney, C/O; Sherwood,
C/O; Crispus C. Nix; John Emmett, Appellees.
 No. 93-2696.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 7, 1994.
Filed: February 18, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie J. Jeffries appeals from the judgment entered by the magistrate judge[1] in favor of prison officials in Jeffries's 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In his complaint, Jeffries alleged that corrections officers Scott Pool, Richard Nahorney, Kirk Sherwood, and Arthur Anderson assaulted him while they were escorting him between cell areas. At a bench trial, Jeffries testified that officers banged his head against the wall several times while he was being escorted to his cell, while he was taken to the shower for a medical examination, and again while he was taken to a more secure cell. The officers denied assaulting Jeffries.
 
 
 3
 The magistrate judge found that Jeffries was verbally abusive to two officers while they escorted him to the exercise area. The exercise officer ordered the officers to return Jeffries to his cell, during which time Jeffries spit on one of the officers. The magistrate judge noted that Jeffries claimed the officer kicked him in the leg. The magistrate judge found that, pursuant to standard procedure, Jeffries was offered medical attention. After Jeffries stated he wanted medical attention, officers transported him to the shower to await examination. The shift supervisor testified that he saw no officer strike Jeffries, and he observed no injuries on Jeffries. He saw Jeffries strike one officer in the face and another officer in the chest when they removed his handcuffs in the shower.
 
 
 4
 The magistrate judge found Jeffries's testimony that officers took turns beating his head against the wall totally incredible, and found that no excessive force was used on Jeffries during either cell move. The magistrate judge found that neither of the two nurses who examined Jeffries observed more than small lacerations and scratches on Jeffries's arms, and Jeffries did not seek further medical attention for any injuries he claimed to have sustained on June 4. The magistrate judge found that during his placement in the more secure cell, Jeffries allegedly stepped on an officer's watch before kicking it out of the cell. The disciplinary reports Jeffries received were referred for possible prosecution, but an assistant attorney general declined to prosecute Jeffries. Jeffries was not informed of that decision, and was later found guilty of four disciplinary violations. The magistrate judge, finding that Jeffries was not physically assaulted by any defendant during either cell move, and that any force used was de minimis, granted judgment to the prison officials.
 
 
 5
 On appeal Jeffries argues that defendants violated his Eighth Amendment rights when they beat him without justification, and violated his Fourteenth Amendment liberty interest by leading him to believe that criminal charges were being considered, which subjected him to psychological tort.
 
 
 6
 The magistrate judge's findings of fact are not to be set aside unless they are clearly erroneous. Fed. R. Civ. P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985). In determining whether the challenged actions amounted to a constitutional deprivation, this court applies a de novo standard of review. Falls v. Nesbitt, 966 F.2d 375, 377 (8th Cir. 1992).
 
 
 7
 After reviewing the record, including the trial transcript, we do not believe that, by crediting the officers' statements that they did not assault Jeffries or willfully bang his head against the wall, the magistrate judge committed clear error. Based on the magistrate judge's findings, we agree that the officers' conduct did not violate the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 318-21 (1986). The evidence, which the magistrate judge found credible, supported that Jeffries was disruptive and abusive, that some force was necessary to restore order, and that the force was applied in good faith to restore discipline.
 
 
 8
 We need not consider Jeffries's argument concerning the "psychological tort" because it is being raised for the first time on appeal.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)